```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BRYON GRENION,

                        Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            12-CV-3219(JS)(GRB)
FARMERS INSURANCE EXCHANGE,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Gregory Scot Lisi, Esq.
                   Susan J. Deith, Esq.
                   Forchelli Curto Deegan Schwartz Mineo &
                       Terrana, LLP
                   333 Earle Ovington Blvd, Suite 1010
                   Uniondale, NY 11553

For Defendant:     David W. Garland, Esq.
                   Jill Barbarino, Esq.
                   250 Park Avenue
                   New York, NY 10177
```

SEYBERT, District Judge:

Plaintiff commenced this action on June 28, 2012 against Defendant[1] asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), Article 15 of the New York State Human Rights Law § 290 et seq. ("NYSHRL"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 (the "FMLA").

---

[1] Originally, Plaintiff commenced this action against various other defendants as well. The parties, however, stipulated to dismissal of those defendants. (See Docket Entry 5.)

Presently pending before the Court is Defendant Farmers Insurance Exchange's ("Defendant") partial motion to dismiss Plaintiff Bryon Grenion's ("Plaintiff") Complaint. For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[2]

Plaintiff, an African-American male, worked for Defendant as a senior support specialist from August 8, 1995 until July 8, 2009. (Compl. ¶ 4.) On June 11, 2009, Plaintiff took sick, personal, and vacation days due to pain and swelling in his calf. (Compl. ¶ 7.) The pain did not subside, however, and on June 22, 2009, Plaintiff was diagnosed with Wegener's disease, "a disease of the kidney." (Compl. ¶ 7.) As a result, Plaintiff applied for leave under the Family Medical Leave Act ("FMLA"), which he was granted for the period of June 22, 2009 through July 7, 2009. (Compl. Ex. A.)

Plaintiff alleges that he kept Defendant fully apprised of his condition during his absence. In particular, Plaintiff kept in contact with his manager, Kathy Tantillo ("Tantillo"), whom he describes as a "female, Caucasian." (Compl. ¶ 8.) On July 9, 2009, however, Plaintiff claims that he called Tantillo only to be informed that his employment had been terminated on July 8, 2009. (Compl. ¶ 10.) Plaintiff then

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

called the Human Resources Manager at Century 21 Insurance[3], a "female, Caucasian," named Traci Cerasaro ("Cerasaro"). (Compl. ¶ 11.) Cerasaro stated that Plaintiff's employment had been terminated due to job abandonment. (Compl. ¶ 11.) Plaintiff further complained to Harris J. Yale ("Yale"), a Caucasian male at AIG Code of Conduct, regarding his termination. (Compl. ¶ 13.) Plaintiff's employment was not reinstated, however. (Compl. ¶ 13.)

According to Plaintiff, Defendant discriminated against him on the basis of his disability, his race, and/or his gender. (Compl. ¶ 15.)

## DISCUSSION

Defendant moves to dismiss Plaintiff's race and gender-based discrimination claims (the First and Second Causes of Action) because the Complaint does not raise a right to relief above the speculative level. Plaintiff responds that the Complaint is sufficient, but also seeks to clarify his allegations. The Court will first address the applicable legal standard before turning to Defendant's motion and Plaintiff's request, in that order.

In addition, the Court notes that Defendant does not move to dismiss Plaintiff's FMLA and disability-based claims

---

[3] The parties do not clarify how Defendant and the additional companies originally named in the Complaint are related.

3

(the Third, Fourth, and Fifth Causes of Action), and accordingly such claims survive.

I. <u>Standard of Review</u>

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); <u>accord</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009). <u>First</u>, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678; <u>accord</u> <u>Harris</u>, 572 F.3d at 72. <u>Second</u>, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. <u>Iqbal</u>, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>; <u>accord</u> <u>Harris</u>, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any

4

document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Defendant's Motion

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

The Supreme Court has held, however, that a plaintiff need not plead the elements of a prima facie case in his or her complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("The prima facie case under

McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement."). Rather, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quoting FED. R. CIV. P. 8(a)(2)); Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (internal quotation marks omitted).  Thus, reconciling Swierkiewicz with the standards set out in Iqbal and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007), although "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss . . . , the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted); accord King v. U.S. Sec. Assocs., Inc., No. 11-CV-4457, 2012 WL 4122025, at *4 (S.D.N.Y. Aug. 22, 2012), adopted by 2012 WL 4327396 (S.D.N.Y. Sept. 18, 2012).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Turkman v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009).  "For this conclusion to be drawn, a plaintiff must

6

allege facts that allow the court in substance to infer elements of a prima facie case." King, 2012 WL 4122025, at *5 (collecting cases).

The Court finds that Plaintiff has failed to do that here. Plaintiff alleges his own race and gender, the race and gender of those with whom he communicated regarding his leave, and that Defendant denied him leave and terminated his employment. The Complaint, however, fails to assert any factual allegation connecting denial of leave and termination of his employment with his race and gender. See Payne v. Malemathew, No. 09-CV-1634, 2011 WL 3043920, at *2 (S.D.N.Y. July 22, 2011) (dismissing Title VII claim because "[n]o effort has been made to tie [plaintiff's] termination to his religion, color or national origin"); Dean v. Westchester Cnty. Dist. Attorney's Office, 119 F. Supp. 2d 424, 430 (S.D.N.Y. 2000) ("Although plaintiff is a woman who was disciplined by male supervisors, she fails to indicate how their respective genders played any significant role in their working relationship.").

Plaintiff simply alleges, in conclusory fashion, that he was discriminated against because of his race and/or gender. This is insufficient. See, e.g., Reyes v. Fairfield Props., 661 F. Supp. 2d 249, 269 (E.D.N.Y. 2009) ("Even liberally construed, plaintiffs' complaint fails to allege any facts relating to race, other than a conclusory statement that defendants

7

retaliated and discriminated against plaintiffs based on their being African-American, which is insufficient under Iqbal."); see also Clarke v. Roslyn Union Sch. Dist., No. 11-CV-2957, 2012 WL 2916759, at *6 (E.D.N.Y. July 17, 2012) (collecting cases).

Accordingly, Plaintiff's race and gender-based discrimination claims are DISMISSED.

III. Leave to Replead

Plaintiff's opposition brief argues that, if the Court finds his claims to be too speculative, he should be permitted to amend the Complaint. (Pl.'s Opp. Br., Docket Entry 12, at 5-7.) In support, Plaintiff also files an affidavit, seeking to "clarify" his allegations. (See Docket Entry 11, Ex. A.)

Plaintiff has not formally moved for leave to replead, and the Court may not appropriately consider his affidavit at the motion to dismiss stage. See supra p. 4. However, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Given the bare-bones nature of the Complaint, there is, theoretically, some "indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation

8

marks and citation omitted).  Accordingly, the Court GRANTS Plaintiff leave to replead.

## CONCLUSION

Thus, Defendant's partial motion to dismiss is GRANTED, and Plaintiff's race and gender-based claims are DISMISSED WITHOUT PREJUDICE with leave to file an Amended Complaint.  Any Amended Complaint must be received on or before July 31, 2013 or the aforementioned claims will be dismissed with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July   12  , 2013
         Central Islip, NY

9